## Case No. 13,152.

### SNOWDON v. LINDO.

[1 Cranch, C. C. 569.] [1]

Circuit Court, District of Columbia. July Term, 1809.

LIBEL—ACTIONABLE WORDS—JUSTIFICATION.

It is a libel to print and publish these words, "He is a lying, slanderous rascal;" and it is no justification, that the plaintiff had stated what was not true, unless he had stated it maliciously.

Case for libel—for printing and publishing these words of the plaintiff, "He is a lying, slanderous rascal."

The defendant pleaded, in justification, that the plaintiff had untruly published that the dinner was given to Mr. Lewis for his public services, when in truth it was given for his service to the town of Alexandria. The plea did not aver that the plaintiff maliciously, as well as falsely, published, &c.

Demurrer and joinder.

Mr. C. Lee, for plaintiff. Words written and published are actionable, which would not be, if spoken only. Any words written and published, throwing contumely on the party, are actionable. Villers v. Monsley, 2 Wils. 403; Bell v. Stone, 1 Bos. & P. 331; Bull. N. P. 8; Esp. N. P. 260.

Mr. Swann, contrà. The declaration is bad; the words "lying, slanderous rascal," although printed and published, are not libellous and actionable. But if the declaration is good, the justification is good.

THE COURT rendered judgment on the demurrer for the plaintiff.

## Case No. 13,153.

### SNYDER v. BRACHEN et al.

[5 Biss. 60.] [2]

Circuit Court, D. Wisconsin. Jan. Term, 1860.

JUDGMENT—RELEASE—REVIVOR.

A release of a judgment, which has been subsequently revived by scire facias, cannot be pleaded in an action brought on the revived judgment.

[1] [Reported by Hon. William Cranch. Chief Judge.]

[2] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[This is a suit by John Snyder, executor of David Snyder, against John Brachen and Archibald Stett.]

MILLER, District Judge. The summons was served on John Brachen. The suit is upon a record of a judgment rendered in the court of common pleas of Huntingdon county, Pennsylvania, by the plaintiff's testator against these defendants and one William Simpson who has since died. The defendants pleaded nul tiel record, and a release in writing by plaintiff's testator of Archibald Stett, dated September 24, 1850, of his liability on the judgment for the consideration of $120, in which is an express stipulation that it shall not release or discharge Brachen and Simpson of their part of the debt. This was originally a partnership debt of the several defendants.

It appears from the record that the judgment was originally entered against the three defendants for $213, with interest, on the 11th of March, 1835. A fi. fa. was issued and personally served, property sold, and the proceeds of sale were applied to previous executions. The judgment was revived on the return of nihil August 15, 1842. Alias scire facias to revive judgment was issued to the November term, 1857. Nihil returned. November 26, 1857, affidavit of defense filed, and defendants plead nul tiel record and payment, with leave to plead specially. July 16, 1858, a jury rendered a verdict for the plaintiffs of $478.51, and judgment was entered upon the verdict on the 21st of July, 1859.

Upon inspection of the transcript I am satisfied that there is such a record.

The plaintiff demurred to the plea of release. The release as set out was no doubt given to Stett. But there has been a revival of the judgment against the defendants by verdict, upon the plea of payment interposed, which would have entitled the release to be read in evidence, and a judgment since the date of the release.

This court is to give to judgments the same force and effect as given to them in the state where they were rendered. Now here is a judgment rendered by the court after the date of the release pleaded. This is conclusive upon this court, and the demurrer to the plea must be sustained. It is a rule that after a judgment or revival, we cannot go behind that judgment to admit evidence affecting the judgment. Nor on a scire facias to revive a judgment can evidence be admitted affecting the merits of the original judgment, as that would have been a defense to the demand upon which the judgment was rendered. Demurrer sustained.

See, also, Cardesa v. Humes, 5 Serg. & R. 65; Share v. Becker, 8 Serg. & R. 239; Wilson v. Hurst [Case No. 17,809].